| | |
|---|---|
| **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>HARPER S. BATTS (SBN 242603)<br>hbatts@sheppardmullin.com<br>CHRISTOPHER PONDER (SBN 296546)<br>cponder@sheppardmullin.com<br>JEFFREY LIANG (SBN 281429)<br>jliang@sheppardmullin.com<br>LAI L. YIP (SBN 258029)<br>lyip@sheppardmullin.com<br>1540 El Camino Real, Suite 120<br>Menlo Park, California 94025<br>Telephone:   650.815.2600<br>Facsimile:    650.815.2601<br><br>*Attorneys for Defendant<br>Hulu, LLC* | **KRAMER ALBERTI LIM & TONKOVICH LLP**<br>Robert F. Kramer (SBN 181706)<br>rkramer@krameralberti.com<br>David Alberti (SBN 220625)<br>dalberti@krameralberti.com<br>Sal Lim (SBN 211830))<br>slim@krameralberti.com<br>Russell S. Tonkovich (SBN 233280)<br>rtonkovich@krameralberti.com<br>Zachariah A. Higgins (SBN 190225)<br>zhiggins@krameralberti.com<br>Robert Mattson (*pro hac vice*)<br>rmattson@krameralberti.com<br>577 Airport Boulevard, Suite 250<br>Burlingame, California 94010<br>Telephone: (650) 825-4300<br>Fax: (650) 460-8443<br><br>*Attorneys for Plaintiff<br>Piranha Media Distribution, LLC* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PIRANHA MEDIA DISTRIBUTION, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HULU, LLC,<br><br>　　　　Defendant. | Case No. 2:24-cv-00498 JLS (KSx)<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br>**[DISCOVERY MATTER: REFERRED TO MAGISTRATE JUDGE KAREN L. STEVENSON]** |

Case No. 2:24-cv-00498 JLS (KSx)
**STIPULATED PROTECTIVE ORDER**

1. **PURPOSE AND LIMITS OF THIS ORDER**

Discovery in this action is likely to involve confidential, proprietary or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with Local Rule 79-5 and this Order if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

  **1.1**  **Good Cause Statement**

  This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, license agreement information, sensitive engineering information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation,

and serve the ends of justice, a protective order for such information is justified in this matter.

It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.     DEFINITIONS**

2.1 "CONFIDENTIAL" information or items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.2    "Designating Party," "designating party," or "designator": a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.3    "Disclosure or Discovery Material": all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.4    "Expert" or "expert": a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Outside Counsel of Record to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.5    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items: extremely sensitive "CONFIDENTIAL" information or items, disclosure of which to another Party or Non-Party would create a substantial risk of

serious harm that could not be avoided by less restrictive means. For clarity this designation shall include, at least, a Designating Party's (1) non-public financial information, (2) employee's non-public personal information, and (3) non-public commercial agreements, including license agreements.

2.6   "HIGHLY CONFIDENTIAL – SOURCE CODE" information or items: extremely sensitive "CONFIDENTIAL" information or items representing computer code and associated comments and revision histories, formulas, specifications, schematics, diagrams, flow charts, or anything else that defines or otherwise describes in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.7   "Non-Party" or "non-party": any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are attorneys, staff, or other employees of the law firm which has appeared on behalf of that party.

2.9   "Party" or "party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.10   "Producing Party" or "producing party": a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11   "Professional Vendors" or "professional vendors": persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12   "Protected Material" or "protected material": any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.13 <u>"Receiving Party" or "receiving party"</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. DESIGNATING PROTECTED MATERIAL

**3.1 Over-designation Prohibited.** Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or slow the case development process or to impose unnecessary expenses and burdens on the other party) expose the designating party to sanctions. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**3.2 Manner and Timing of Designations.** Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains protected material.

For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted.  It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

      **3.2.1**    A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, unless the producing party specifies that another level of treatment is required (e.g., in the case of source code made available for inspection).  After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

      **3.2.2**    Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used.  The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted.  The designator shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed.  After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**3.2.3** Inadvertent Failures to Designate. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

**4.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under Local Rule 37-1 through Local Rule 37-4.

**5.     ACCESS TO DESIGNATED MATERIAL**

**5.1     Basic Principles.** A receiving party may use protected material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**5.2     Disclosure of CONFIDENTIAL Material Without Further Approval.** Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**5.2.1** The receiving party's Outside Counsel of Record in this action and employees of Outside Counsel of Record to whom disclosure is reasonably necessary;

**5.2.2** The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**5.2.3** Experts retained by the receiving party's Outside Counsel of Record, and their staff, to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**5.2.4** The Court and its personnel;

**5.2.5** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**5.2.6** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit E-1); and

**5.2.7** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**5.3** **Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY and HIGHLY CONFIDENTIAL – SOURCE CODE Material Without Further Approval.** Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE without further approval only to:

**5.3.1** The receiving party's Outside Counsel of Record in this action and employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information;

**5.3.2** The Court and its personnel;

**5.3.3** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1); and

**5.3.4** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**5.4** Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Material to in-house counsel or Experts. Unless otherwise agreed to in writing by the designator:

**5.4.1** A party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making. In-house counsel are not authorized to receive material designated HIGHLY CONFIDENTIAL – SOURCE CODE.

**5.4.2** A party seeking to disclose to an expert retained by Outside Counsel of Record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report or testimony at deposition or trial, in the past five years. If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a non-party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

**5.4.3**     A party that makes a request and provides the information specified in paragraphs 5.4.1 or 5.4.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

**5.4.4**     All challenges to objections from the designator shall proceed under Local Rule 37-1 through Local Rule 37-4.

**6.     SOURCE CODE**

**6.1     Designation of Source Code.**  If production of source code that is so sensitive that its dissemination deserves even further limitation beyond that of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, a party may designate it as HIGHLY CONFIDENTIAL – SOURCE CODE if it is, or includes, confidential, proprietary, or trade secret source code.  Material shall not be designated as Source Code or otherwise Confidential hereunder to the extent it comprises open source software, or material that otherwise has been made publicly accessible without restriction other than as a result of violating the designating party's legal rights.  In the case of interpreted client-side software (such as JavaScript) that has been regularly transmitted to users in "minified" form, the corresponding unminified version shall not be designated at the confidentiality level of Source Code without the entity producing the material meeting an affirmative requirement to demonstrate competitive considerations that justify such restrictive conditions for review of the unminified code that would not be satisfied by an Attorneys' Eyes Only designation.

**6.2     Location and Supervision of Inspection.**  Any HIGHLY CONFIDENTIAL – SOURCE CODE produced in discovery shall be made available for inspection at any time during the pendency of this litigation upon reasonable notice, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the designating party's Outside Counsel of Record or another mutually agreeable location.  The

source code shall be made available for inspection on a secured computer in a secured room ("Source Code Computer"), and the inspecting party shall not copy, remove or otherwise transfer any portion of the source code onto any recordable media or recordable device. The designating party will produce the source code material in a computer searchable format on the Source Code Computer. The designating party shall install such tools or programs necessary to review and search the code produced. The inspecting party's Outside Counsel of Record and/or experts may request that other commercially available licensed software tools for viewing and searching Source Code (including, but not limited to, tools for searching for a given pattern of text through a number of files, comparing two files and displaying their differences, and computing the MD5 checksum of a file) be installed on the Source Code Computer except that the receiving party cannot use any compilers, interpreters, or simulators in connection with the Source Code absent consent of the producing party. Upon the request of the designating party, the inspecting party must provide the designating party with licensed installers/executables for such software tool(s) at least seven (7) business days in advance of the inspection at its own expense. The designator may visually monitor the activities of the inspecting party's representatives during any source code review, but not so close as to be able to hear the activities of the inspecting party's representatives – only to ensure that there is no unauthorized recording, copying or transmission of the source code. There will be no keystroke loggers, file access loggers, or similar facilities on the Source Code Computer.

      **6.2.1**    No electronic devices, including without limitation laptops, sound recorders, personal digital assistants (PDAs), cellular telephones, peripheral equipment, cameras, voice recorders, Dictaphones, telephone jacks, CDs, DVDs, or drives of any kind (e.g., USB memory sticks and portable hard drives), shall be permitted into the source code review room, except as set forth in paragraph 6.2.2 below. No non-electronic devices capable of similar functionality shall be permitted

in the source code review room. The designating party will make a landline telephone available for use in the source code review room.

      **6.2.2** The reviewer shall not take notes electronically on the source code computer itself while conducting a review. The reviewer shall be entitled to take notes relating to the inspected source code but may not copy any portion of the inspected source code into the notes. Notes may be taken by hand or using a second secure computer (the "Note-Taking Computer"), without any Internet or network access. Notes taken on the Note-Taking Computer may not be retained or reviewed by the Producing Party. With the supervision of the Producing Party, the Receiving Party may load and unload a copy of the Receiving Party's notes using an agreed upon input/output device, such as an approved USB memory stick. The source code may not be copied into the notes (either handwritten or electronic). Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the inspecting party's Outside Counsel of Record and/or experts shall remove all notes, documents, and all other materials from the source code review room and shall maintain any such notes in a manner that prevents duplication of or unauthorized access to the source code. Any such notes must be marked on each page with the designation "HIGHLY CONFIDENTIAL – SOURCE CODE."

      **6.3** **Paper Copies of Source Code Excerpts.** The inspecting party may request up to ten (10) paper copies of limited portions of source code, as well as the exported or printed output of the file directory or directories, that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other papers or for deposition or trial. The designator shall provide all such source code in paper form, which where possible shall include line numbers on each page, including Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE" as soon as practical, and in no event more than seven (7) business days from the request.

**6.3.1**   The parties shall meet and confer regarding reasonable page limits of source code that may be printed.

**6.4**   **Access Record.** The inspecting party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, and shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The inspecting party shall not convert any of the information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document. Any paper copies used during a deposition shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual.

**6.5**   At the inspecting party's request, the designating party will make available at depositions a Source Code Computer for use during the deposition, and the designating party shall provide access to such Source Code Computer and printer during the deposition, provided that (a) such deposition takes place at the office of the designating party's Outside Counsel of Record or another location mutually agreed upon by the affected parties and (b) the inspecting party requests that the Source Code Computer be made available at least seven (7) days before the scheduled date of the deposition if the relevant witness has been designated by that time. This provision is only applicable where the deponent is authorized to review the designating party's source code material.

**6.6**   An inspecting party that wants to serve, file, or otherwise submit source code in connection with a filing or document served may make only as many copies, and only of the specific pages as needed, for submission. It must file the materials confidentially and must notify the producing party upon filing. To the extent it is necessary to reference source code in an expert report, filing, or other discovery document, the excerpts must be limited to the minimum amount necessary

-12-
**STIPULATED PROTECTIVE ORDER**

to support the specific argument made. Documents containing excerpts must be designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

### 7. PROSECUTION BAR

Absent the written consent of the designating party, any person who receives materials designated by Hulu as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" ("Barred Person") shall not be involved in any of the following activities: (i) preparing, prosecuting, supervising, or otherwise assisting in the preparation or prosecution of any patent application related by claim of priority to any of the asserted patents or any patent that reasonably could be asserted against the products and services accused of infringement in this action; (ii) amending any claim of any of the asserted patents or any patent that reasonably could be asserted against the products and services accused of infringement in this action; and (iii) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in the asserted patents or any patent that reasonably could be asserted against the products and services accused of infringement in this action.  This Prosecution Bar shall begin when access to the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by Hulu is first received by the affected person and shall end one (1) year after final disposition of this action, including all appeals; or shall end two (2) years after the affected person has given Hulu written notice that he or she has destroyed or returned all materials containing HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by Hulu and will no longer have access to any such information designated by Hulu

These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a party challenging or defending the validity of any patent, including, but not limited to, as part of any reexamination, inter partes

review, reissue proceedings, or any other post-grant review proceeding. Barred Persons (including Outside Counsel of Record for the receiving party and any person that reviews materials designated by another party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") may not participate, directly or indirectly, in drafting, amending, or altering the language of any patent claim(s) in any such proceeding relating to an asserted patent or a patent that reasonably could be asserted against the products and services accused of infringement in this action.  Nothing in this Protective Order shall prevent any attorney from sending prior art to persons involved in prosecuting patent applications for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) in compliance with any duty of candor.  Nothing in this paragraph shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation. This Prosecution Bar applies to each individual reviewing the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or HIGHLY CONFIDENTIAL – SOURCE CODE" material and does not impute to the law firm, institution, or company who employs the individual.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**8.1** Subpoenas and Court Orders.  This Order in no way excuses non-compliance with a lawful subpoena or court order.  The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**8.2** **Notification Requirement.**  If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items received by that party in this action and designated in this action as

CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE, that party must do the following:

**8.2.1** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order.

**8.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

**8.2.3** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**8.3** **Wait For Resolution of Protective Order.** If the designator promptly seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission or the designator's request for protective order results in an order permitting the production. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**9.      UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit E-1).

## 10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Fed. R. Evid. 502(d) and (e).

## 11. FILING UNDER SEAL

When filing under seal, the parties agree to follow the Court's preferred procedure, which can be found at this link:

https://www.cacd.uscourts.gov/sites/default/files/documents/JLS/AD/Overview%20re%20filing%20docs%20under%20seal%20-%2009.12.23.pdf

## 12. FINAL DISPOSITION

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 11, 2024

        KRAMER ALBERTI LIM & TONKOVICH LLP

        By  */s/ Robert F. Kramer*
             ROBERT F. KRAMER

        *Attorneys for Plaintiff*
        *Piranha Media Distribution, LLC*

Dated: July 11, 2024

        SHEPPARD, MULLIN, RICHTER, & HAMPTON LLP

        By  */s/ Harper S. Batts*
             HARPER S. BATTS

        *Attorneys for Defendant*
        *Hulu, LLC*

**ATTESTATION RE ELECTRONIC SIGNATURES**

Pursuant to Local Rule 5-4.3.4(a)(2), the filer attests that all other signatories listed, and on whose behalf this filing is jointly submitted, concur in the filing's content and have authorized the filing.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: July 11, 2024

                                                HON. KAREN L. STEVENSON
                                                MAGISTRATE JUDGE

<u>EXHIBIT E-1</u>

<u>AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Piranha Media Distribution, LLC v. Hulu, LLC*, Case No. 2:24-cv-00498 JLS (KSx). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

-18-
**STIPULATED PROTECTIVE ORDER**